**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:

| | |
|---|---|
| **UNITED STATES** | **CASE NO.: 20-40375-KKS** |
| **CORPORATION COMPANY,** | |
| | **INVOLUNTARY** |
| | **CHAPTER: 11** |
| **Alleged Debtor.** | |

_____/

**ALLEGED DEBTOR'S EMERGENCY MOTION**
**FOR ORDER DISMISSING INVOLUNTARY PETITION AND REQUEST FOR**
**EMERGENCY HEARING, WITH MEMORANDUM**

United States Corporation Company ("USCC"), alleged debtor herein, by and through its undersigned counsel, hereby moves for an order dismissing with prejudice the involuntary bankruptcy petition against USCC (Docs. 1 and 20). This Motion to Dismiss ("Motion") is made pursuant to Fed. R. Bank. Proc. 1011(b) and Fed. R. Civ. Proc. 12(b), and is supported by this Motion, the Statement of Need for Emergency Hearing filed herewith, the Declaration of Steve Kirvan in Support of Alleged Debtor's Emergency Motion for Order Dismissing Involuntary Petition and Request for Emergency Hearing, with Memorandum ("Kirvan Declaration") filed herewith, and the record in this matter before the Court.

**INTRODUCTION**

Syteria Hephzibah, who designates herself as "Highly Favored Shekinah El, dba Moorish Science Temple of America, dba Court of Equity and Truth" and Taquan Gullett, who designates him- or herself as "Maalik Rahshe El, dba Moorish Science Temple of America, dba Court of Equity and Truth" (collectively, the "Petitioners"), initiated the captioned bankruptcy proceeding on October 14, 2020 (Doc. 1). Petitioners subsequently filed an amended involuntary petition on

November 16, 2020 (Doc. 20).  The original and amended petitions are incomprehensible and must

be dismissed.  Dismissal is necessary because the Petitioners have failed to meet the statutory

requirements of Section 303 of the Bankruptcy Code and have filed the petitions in bad faith.  As

set forth herein, none of the identified Petitioners can truthfully allege that they are eligible to file

an involuntary petition against USCC because none of the Petitioners hold a claim against USCC.

There is simply no reasonable basis for the filing of an involuntary bankruptcy petition

against USCC by any party, much less the Petitioners.  The Petitioners commencement of this

involuntary bankruptcy case is a serious matter, and one that neither USCC nor this Court takes

lightly.  Immediate dismissal is necessary to avoid any further harm to USCC.  For this reason,

USCC seeks emergency consideration of this Motion.  The Petitioners are clearly in bad faith by

naming USCC as an alleged debtor, and USCC respectfully requests entry of an order dismissing

the captioned bankruptcy proceedings with prejudice.

### BACKGROUND

1.	On October 14, 2020, Petitioners filed a Chapter 11 involuntary petition against

USCC, commencing the captioned involuntary bankruptcy case (Doc. 1).  The petition identifies

USCC as the alleged debtor and includes over 1500 pages of attachments.  The petition does not

identify any claim against USCC held by the Petitioners.  *See* Doc. 1, Response to Question 13.

None of the documents attached to the petition reference USCC, except for naming USCC as the

alleged debtor.

2.	On November 2, 2020, Petitioners filed a document entitled "Certificate of Service"

(Doc. 10).  On November 12, 2020, this Court entered an Order (Doc. 16) striking the purported

certificate of service as procedurally deficient.  As set forth in the Kirvan Declaration, USCC

received a copy of the "Certificate of Service" document by mail.  *See* Exhibit A, Kirvan

Declaration.  While this Court has ruled that such service was not proper under the applicable rules, USCC files this Motion and appears in this bankruptcy case to seek immediate dismissal to prevent further harm.

3.      On November 16, 2020, Petitioners filed an amended involuntary petition (Doc. 20).  The amended petition also does not allege any claim held by the Petitioners against USCC. *See* Doc. 20, Response to Question 13.  The amended petition does not include all the attachments filed with the original petition; instead, the amended petition includes a copy of the Claims Register, reflecting a claim filed by the Massachusetts Department of Revenue.  No other party, including the Massachusetts Department of Revenue, has joined in the involuntary petitions.

4.      USCC is a Delaware corporation that provides a number of corporate services for its clients, including serving as registered agent.  USCC maintains an office in Tallahassee, Florida.  USCC has no record of any relationship with the Petitioner, and disputes that the Petitioners are creditors of USCC.  *See* Kirvan Declaration attached as Exhibit A.

## ARGUMENT

5.      The filing of an involuntary petition is an "extreme remedy" with "serious consequences" to an alleged debtor. *In re E.S. Prof. Services, Inc.*, 335 B.R. 221, 225 (Bankr. S.D. Fla. 2005).  A debtor hauled into bankruptcy court involuntarily risks the loss of credit, the inability to transfer assets in the normal course of business, as well as public embarrassment, and is often rendered incapable of conducting its business affairs. *Id*.  As such, courts have an obligation to carefully scrutinize the actions of a petitioning creditor in order to assure that an order for relief is only entered in such cases where it is truly appropriate. *Id*.  Here, only dismissal of this involuntary bankruptcy case would be appropriate.

6.      The involuntary petitions are subject to dismissal because (i) Petitioners are not

PD.30294488.2

"holders of a claim" against the alleged debtor, USCC; and (ii) Petitioners commenced this bankruptcy case in bad faith or in reckless disregard.

7.      While USCC is entitled to recover damages for the Petitioners' bad faith filing, this Motion seeks immediate dismissal of this case to avoid any further harm to USCC and to promote judicial economy.  USCC reserves all rights to seek costs, reasonable attorneys' fees and punitive damages for Petitioners' bad faith pursuant to Section 303(h) of the Bankruptcy Code.

**A.      Petitioners are not holders of claims against USCC.**

8.      Section 303(b) of the Bankruptcy Code provides, in pertinent part, that:

> An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount…

9.      Petitioning creditors bear the ultimate burden of proving that all statutory requirements of Bankruptcy Code Section 303 have been met. 10 *Collier on Bankruptcy* ¶ 303.11 (16th ed. 2020).  Specifically, they bear the burden of establishing the statutory prerequisites of Section 303(b).  While the Petitioners did commence this involuntary case by the filing of a petition, they do not meet the eligibility requirements of Section 303(b).  As a threshold requirement, Petitioners must be the "holder of a claim" against USCC.  Here, Petitioners have done nothing to demonstrate to this Court that they are a "holder of a claim."  Although Petitioners filed a form petition, which allows a "checked box" notification of certain allegations, Petitioners cannot show that they are eligible to file the petition pursuant to 11 U.S.C. § 303(b).

10.      The petitions are nothing short of confusing and incomprehensible and do not

- 4 -

PD.30294488.2

establish that the Petitioners were eligible to commence this involuntary case.[1]  The original

petition includes over 1500 pages of attachments that make no reference to USCC nor any

reference to a claim held by the Petitioners against USCC.  The amended petition cites to the claim

filed by the Massachusetts Department of Revenue.  *See* Doc. 20, response to Question 9 and

related Claims Register attachments.  While the Massachusetts Department of Revenue may be a

creditor of USCC, such claim is certainly not a claim held by any of the Petitioners.  Rather, the

fact that the Massachusetts Department of Revenue has been made aware of this involuntary case

against USCC and filed a proof of claim, demonstrates the seriousness of this matter and the

potential harm being caused USCC by this baseless and frivolous filing.

11.     Petitioners are not eligible to commence this involuntary case.  USCC herewith

offers the Kirvan Declaration (see Exhibit A), which establishes that USCC has no record of any

prior dealings with the Petitioners, much less a record that any amounts are owed to the

Petitioners.[2]

12.     What the filing of the petitions did accomplish was the commencement of an

inappropriate bankruptcy proceeding against USCC.  As discussed above, Petitioners' cannot

satisfy its burden under Section 303(b).[3]  Accordingly, USCC requests immediate entry of an order

---

[1] On November 17, 2020, this Court entered an *Order to Show Cause (1) Why Notice Concerning Fiduciary Relationship (Docs. 8 & 9) Should Not be Stricken, and (2) Why Petitioning Parties Should Not be Sanctioned Under Bankruptcy Rule 9011 and 11 U.S.C. § 105(a)* (Doc. 19) (the "Order to Show Cause").  USCC agrees that Petitioners conduct is certainly sanctionable.  The Court also states that it "cannot determine from the papers whether [Petitioners] qualify as a "petitioning creditor" for filing a Chapter 11 involuntary petition under 11 U.S.C. § 303(b)."  As shown by this Motion, Petitioners do not qualify and the petitions must be dismissed.

[2] While USCC can establish that Petitioners do not hold a claim, USCC also disputes any claim that Petitioners could possibly allege.  To have standing under Section 303(b), the petitioning creditor must hold a claim that is neither contingent nor subject to a *bona fide* dispute as to liability or amount. 11 U.S.C. § 303(b).

[3] USCC is paying its debts as they come due.  An involuntary case must be dismissed if the alleged debtor is generally paying his or her debts as they become due.  *In re Brooklyn Resource Recovery, Inc.*, 216 B.R. 470, 481 (Bankr. E.D.N.Y. 1997).  This determination is to be made at the time of the filing of the involuntary petition.  *In re J.B. Lovell Corp.*, 80 B.R. 254, 254-55 (Bankr. N.D. Ga. 1987).  USCC acknowledges that the Court must make a factual determination in order to dismiss this case on these grounds.  USCC believes such factual inquiry is not necessary but

PD.30294488.2

dismissing the involuntary petitions with prejudice.

**B.      The involuntary petitions were filed in bad faith and for an improper purpose.**

13.      Aside from failing to meet the statutory prerequisites of section 303, the involuntary petitions were filed in bad faith or in reckless disregard.  An involuntary petition is subject to dismissal if it is determined that the involuntary petition was filed in bad faith. *Basin Elec. Power Co-op v. Midwest Processing Co.*, 769 F.2d 483 (8th Cir. 1985), *cert. denied*, 474 U.S. 1073 (1986).

14.      Because "bad faith" is not defined in the Bankruptcy Code, courts have used a variety of approaches to determine whether an involuntary petition was filed in bad faith. The Eleventh Circuit has recognized three separate "tests" without expressly endorsing any particular one.  *See In re Global Energies, LLC*, 763 F.3d at 1349-50 (11th Cir. 2014) (citing *General Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1501-02 (11th Cir. 1997)).  These tests include: (i) the "improper purpose" test, under which bad faith exists if the petitioning creditors were motivated to file the petition out of ill will or malice, or in order to harass or embarrass the debtor; (ii) the "improper use" test, under which bad faith exists if it is demonstrated that the petitioning creditors were motivated by an improper bankruptcy purpose in filing the petition; and (iii) the "Rule 9011" test, which requires both an objective and subjective evaluation of the petitioning creditors' conduct in filing the petition.  *Id*.; *In re Basil St. Partners, LLC*, 477 B.R. 846, 852 (Bankr. M.D. Fla. 2012).  Regardless of the test employed by this Court, the conclusion is that the petitions were filed in bad faith.

15.      Under the "improper purpose" test, USCC has shown that Petitioners fail to meet the statutory requirements to commence this case.  While USCC does not know Petitioners'

---

reserves the right to make a showing to the Court that its debts are being paid as they come due if the Court requires otherwise.

motivation, it is abundantly clear that the petitions are motivated by ill will.  Further, Petitioners

filed the petitions with reckless disregard and without doing any investigation into the facts and

circumstances upon which they based their decision to name USCC as an alleged debtor.  A

reasonable person in the position of the Petitioners would not have filed the petitions.

16.     Under the "improper use" test, Petitioners' reckless disregard in filing this case has

resulted in a waste of judicial resources and the inefficient administration of this bankruptcy court.

Petitioners intend to clog the federal court system with their frivolous and baseless filings.  Such

tactics are an inappropriate use of the bankruptcy process and in reckless disregard for the harm

caused to the alleged debtor.

17.     Under the Rule 9011 test, the court looks to whether the petitioning creditors:

> ... [m]ade reasonable inquiry of relevant facts and pertinent law before initiating [the] involuntary bankruptcy case; whether the involuntary petition's allegations were well grounded in fact; whether the request for involuntary bankruptcy relief was warranted by existing law or by a good faith argument for extension, modification or reversal of existing law; and whether the action was initiated for any improper purpose, such as harassment, delay or to increase costs.

*In re Murphy*, Case No. 9:17-bk-07843-FMD, 2019 WL 10734175, *18 (Bankr. M.D. Fla. Mar.

19, 2019) (citing *In re K.P. Enterprise*, 135 B.R. 174, 180 (Bankr. D. Me. 1992)).

18.     USCC has established that the involuntary petitions are not well grounded in fact

and not warranted by existing law.  Petitioners made no reasonable inquiry into their eligibility to

initiate this proceeding.  USCC has been harmed by the filing of the improper petitions and has

incurred costs and fees to seek immediate dismissal.  Petitioners' motivation or ulterior motive is

of little consequence to USCC at this point.

19.     USCC received notice in the mail that the involuntary petition had been filed.

Although proper service was not made according to the applicable rules, USCC appears before

this court to seek immediate dismissal.  USCC is continuing in operation and is economically

PD.30294488.2

healthy.  USCC's creditors are being paid in due course.  This case must be dismissed to protect USCC from further harm.

20.     Under all three tests -- the (i) improper purpose test; (ii) improper use test; and (iii) the Rule 9011 test, the facts and circumstances indicate bad faith on the part of Petitioners.  As such, the involuntary petitions are subject to dismissal.

WHEREFORE, United States Corporation Company respectfully requests this Court to enter an order dismissing the involuntary petitions pursuant to Bankruptcy Code Section 303 and grant such other and further relief this Court deems just and proper.

### Statement of Need for Emergency Hearing

United States Corporation Company seeks an emergency hearing, and this motion is accompanied by a Statement of Need for Emergency Hearing pursuant to Local Rule 9073-1(B)(3).

### CERTIFICATION OF CONFERENCE WITH OPPOSING COUNSEL

The undersigned cannot certify that he has consulted with the Petitioners in accordance with Local Rule 9013-1(A)(2) because Petitioners are not represented by counsel.  Further, the petitions do not provide contact information for Petitioners other than an address.  Due to USCC's request for emergency relief, undersigned is filing this motion and will serve a copy on Petitioners by certified mail.

PD.30294488.2

DATED this 20th day of November, 2020.

Respectfully submitted,


 /s/ Rick M. Shelby
Patrick "Rick" M. Shelby
Florida Bar No. 1000999
Phelps Dunbar LLP
365 Canal Place, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone: (504) 566-1311
Facsimile: 504-568-9130
Email: rick.shelby@phelps.com
Counsel for United States Corporation Company


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was electronically filed with the U.S. Bankruptcy Court on this 20th day of November, 2020 via CM/ECF and was served this day either by standard or certified first class mail on the following:

Maalik Rahshe El
422 East 27th Street
Jacksonville, FL 32206-2211

Highly Favored Shekinah El
422 East 27th Street
Jacksonville, FL 32206-2211

Zoser RaNeterkeht El d/b/a Minister of Defense
2082 Harrison Avenue
Cincinnati, OH 45214-1195

Mass. Dept. of Revenue
Attn: Bankruptcy Unit
PO Box 9564
Boston, MA 02114-9564

United States Trustee
110 E. Park Avenue, Suite 128
Tallahassee, FL 32301


 /s/ Rick M. Shelby
Rick M. Shelby

PD.30294488.2