# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

IN RE:

UNITED STATES                              CASE NO.:  20-40375-KKS
CORPORATION COMPANY,

                                     INVOLUNTARY
                                     CHAPTER:  11

     Alleged Debtor.
_____/

## ORDER ENJOINING PETITIONING PARTIES PURSUANT TO *ORDER TO SHOW CAUSE (1) WHY CHAPTER 11 INVOLUNTARY PETITION SHOULD NOT BE DISMISSED; (2) WHY PETITIONING PARTIES SHOULD NOT HAVE TO POST A BOND; AND (3) WHETHER PETITIONING PARTIES SHOULD BE SANCTIONED PURSUANT TO BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105(a)* (DOC. 34)

THIS MATTER came before the Court at the hearing held on November 30, 2020 on the *Order to Show Cause (1) Why Chapter 11 Involuntary Petition Should Not Be Dismissed; (2) Why Petitioning Parties Should Not Have to Post a Bond; and (3) Whether Petitioning Parties Should Be Sanctioned Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105(a)* ("Order to Show Cause," Doc. 34). Petitioning Party, Syteria Hephzibah, a/k/a Highly Favored Shekinah El, appeared; Petitioning Party, Taquan Gullett, a/k/a Maalik Rahshe El, did not appear.[1] The hearing on the Order to Show

---

[1] Syteria Hephzibah designates herself as "Highly Favored Shekinah El, dba Moorish Science Temple of America, dba Court of Equity and Truth, Lawful Beneficiary Creditor, Heir of the

NJM

Cause was held in conjunction with the hearing on United States Corporation Company's ("Alleged Debtor") motion to dismiss this case which the Court granted by order dated December 2, 2020.[2]

As relevant here, the Order to Show Cause required Petitioning Parties to show that they filed the Chapter 11 Involuntary Petition ("Involuntary Petition") commencing this case in good faith and for a proper purpose, and they hold valid claims against Alleged Debtor. For the same reasons that support dismissal of this case—Petitioning Parties failed to present evidence that they hold claims against Alleged Debtor, and they filed the Involuntary Petition for an improper purpose—Petitioning Parties are enjoined from filing any further voluntary or involuntary petitions in this Court without first obtaining prior court approval.

### The Involuntary Petition was filed with no legal basis.

The Court identified and Hephzibah admitted at the hearing that the document entitled "*Universal and International Humanitarian Declaration*

---

Vast Estate . . . ." ("Hephzibah"). Petitioning Party, Taquan Gullett, designates himself as "Maalik Rahshe El, dba Moorish Science Temple of America, dba Court of Equity and Truth . . . ." ("Gullett").

[2] *Alleged Debtor's Emergency Motion for Order Dismissing Involuntary Petition and Request for Emergency Hearing, with Memorandum*, Doc. 28; *Hearing Held on Nov. 30, 2020 re: Order to Show Cause (Doc. 26), Motion to Dismiss (Doc. 28), and Order to Show Cause (Doc. 34)*, Doc. 43; *Order Granting Alleged Debtor's Emergency Motion for Dismissing Involuntary Petition (Doc. 28)*, Doc. 45.

*for Common Law Prejudgment Writ of Personal Replevin*" ("Declaration"),[3] that forms the basis of relief the Petitioning Parties seek, is the same document, styled as a Complaint, that the District Court for the Middle District of Florida dismissed with prejudice in 2017.[4] The district court dismissed that case as "vexatious and patently frivolous" and enjoined Petitioning Parties from filing any additional cases in the Middle District of Florida and the Duval County Circuit Court without prior court approval.[5]

### Rule 9011 sanctions are appropriate.

By filing the Involuntary Petition knowing they had no monetary claims against Alleged Debtor and that their non-monetary grievances had previously been dismissed with prejudice by a district court, Petitioning Parties violated Rule 9011, Fed. R. Bank. P., which provides in pertinent part:

> (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney

---

[3] Doc. 1-7. The Amended Involuntary Petition, Doc. 20, does not include the documents that are attached to the Original Involuntary Petition, Doc. 1, however, based on Hephzibah's testimony given at the hearing, it is clear that she intended those documents to be incorporated with the Amended Involuntary Petition.

[4] Petitioning Parties originally filed the Declaration as a Complaint in the Duval County Circuit Court, and it was later removed to the District Court for the Middle District of Florida. *See Universal and International Humanitarian Declaration for Common Law Prejudgment Writ of Personal Replevin ("Complaint"), Gullett-El v. Corrigan,* No. 16-2017-CA-004274-XXXX-MA (Fla. 4th Cir. Ct. July 4, 2017), Doc. 3; *Gullett-El v. Corrigan,* No. 3:17-cv-881-J-32JBT, 2017 WL 10861313, at *1 (M.D. Fla. Sept. 20, 2017).

[5] *Gullett-El,* 2017 WL 10861313, at *5.

or *unrepresented party* is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are *warranted by existing law or by a nonfrivolous argument* for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, *are likely to have evidentiary support* after a reasonable opportunity for further investigation or discovery;

. . . .[6]

The testimony and record demonstrate that Petitioning Parties filed the Involuntary Petition for an improper purpose: to further their grievances against the United States government and various other officials of state and federal agencies. Petitioning Parties' Involuntary Petition and other filings in this case are not warranted by existing law or a non-frivolous argument for a change in law.

### Rule 9011 sanctions are necessary to deter Petitioning Parties' behavior.

Petitioning Parties have been warned by this Court and others that

---

[6] Fed. R. Bankr. P. 9011(b)(1)–(3) (emphasis added).

4

meritless and frivolous filings will not be tolerated and could result in sanc-tions.[7] Despite this, Petitioning Parties filed the Involuntary Petition in yet another attempt to pursue non-existent claims in open defiance of previous rulings and warnings.

Federal courts are vested with the "inherent power to control [their] proceedings and the conduct of the parties involved."[8] If a party signs or advocates a paper that violates Rule 9011 the Court may impose sanctions.[9] The Eleventh Circuit has determined that Rule 9011 authorizes sanctions when "(1) the papers are frivolous, legally unreasonable, or without factual foundation, or (2) the pleading is filed in bad faith or for an improper pur-pose."[10] Pleadings are factually groundless and require sanctions where, as here, the party has no evidence or law to support the allegations.[11]

### The "safe harbor" requirement under Fed. R. Bankr. R. 9011(c) has been met.

Rule 9011(c) requires a court to provide "notice and a reasonable op-portunity to respond" to a party possibly subject to sanctions.[12] Rule

---

[7] *See* Doc. 34, pp. 6-10; *Gullett-El*, 2017 WL 10861313.

[8] *In re Dekom*, No. 19-30082-KKS, 2020 WL 4004116, at *4 (Bankr. N.D. Fla. Apr. 6, 2020) (citing *In re Benevento*, No. 10-25535-EPK, 2013 WL 1292671, at *9 (Bankr. S.D. Fla. Mar. 27, 2013)).

[9] *Id.*; 10 *Collier on Bankruptcy* ¶ 9011.04 (16th ed. 2020).

[10] *In re Mroz*, 65 F.3d 1567, 1572 (11th Cir. 1995).

[11] *Dekom*, 2020 WL 4004116, at *4 (citing *Mroz*, 65 F.3d at 1573).

[12] Fed. R. Bankr. P. 9011(c).

9011(c)(1)(B) permits a court to initiate a sanctions proceeding by issuing

an order describing the specific conduct that appears to violate Rule 9011

and directing the party to "show cause why it has not violated [Rule

9011(b)]."[13] The Order to Show Cause entered by this Court on November

23, 2020 provided the notice and opportunity to respond required by Rule

9011(c)(1)(B):

> The Involuntary Petition and other papers Petitioning Parties have filed in this case may subject them to sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105(a).[14]

> [T]he specific conduct the Court deems violative of Rule 9011(b) is the signing and filing of the Involuntary Petition and all other papers that Petitioning Parties have filed thus far in this case. If Petitioning Parties have any legal basis or facts to show that they hold claims against the Alleged Debtor, and that they filed the Involuntary Petition and other papers in good faith and for a proper purpose, they will have an opportunity to make their case at the hearing scheduled by this Order.[15]

### Petitioning Parties' possible bankruptcy fraud.

The Involuntary Petition contains a warning against bankruptcy

fraud:

> Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18

---

[13] Fed. R. Bankr. P. 9011(c)(1)(B).
[14] Doc. 34, p. 10.
[15] *Id.* at p. 12.

9

U.S.C. §§ 152, 1341, 1519, and 3571.[16]

By filing the Involuntary Petition, Petitioning Parties falsely asserted they held claims against Alleged Debtor.[17] The testimony at the hearing and the papers attached to the Involuntary Petition show this is not true. On the face of the Involuntary Petition, Petitioning Parties alleged that "the [Alleged Debtor] is not generally paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability."[18] This is also untrue. Alleged Debtor presented unrefuted evidence that it is and has been paying its debts as they become due.[19]

For the reasons stated, it is

ORDERED:

1. Pursuant to Bankruptcy Rule 9011(c)(2) and 11 U.S.C. § 105(a), Petitioning Parties, Syteria Hephzibah, a/k/a Highly Favored Shekinah El, and Taquan Gullett, a/k/a Maalik Rahshe El, are ENJOINED from filing any other voluntary or involuntary petition in this Court without obtaining prior approval from this Court.

---

[16] Doc. 20, p. 3.
[17] Petitioning Parties alleged, under oath and penalty of perjury, that they hold claims of $282,770,000,000.00 against Alleged Debtor based on a "True Bill." *Id.*
[18] *Id.* at p. 2.
[19] *Declaration of Steve Kirvan in Support of Alleged Debtor's Emergency Motion for Order Dismissing Involuntary Petition and Request for Emergency Hearing, with Memorandum*, Doc. 28-1; Ex. A.

2. No future bankruptcy petition(s) or other paper(s) tendered for filing by Syteria Hephzibah, a/k/a Highly Favored Shekinah El, or Taquan Gullett, a/k/a Maalik Rahshe El, will be initially filed on the docket by the Clerk. Rather, any such papers will be sent to Chambers and reviewed and screened by the Bankruptcy Judge for the Northern District of Florida to determine whether the petition or other paper(s) has arguable merit. In the event the Bankruptcy Judge's preliminary review results in a finding that the proposed filing is frivolous, the paper(s) tendered will not be filed with the Court but instead will be returned to the party who submitted them.

3. If the Court finds that the proposed filing is frivolous, the party submitting the paper(s) will be subject to additional sanctions, including a monetary assessment.

4. In the event that Petitioning Parties, or either of them, should appeal this Order, and in the further unlikely event that the District Court should hold that this court does not have the authority to issue this type of sanction, then this Order shall be construed as a Report and Recommendation (R&R) to the District Court.

5. The Clerk shall provide copies of this Order to:

    a. Charles F. Edwards, Assistant United States Trustee, 110 East

Park Avenue, Suite 128, Tallahassee, Florida 32301;

b.  Lawrence Keefe, U.S. Attorney for the Northern District of Florida, 111 North Adams Street, 4th Floor U.S. Courthouse, Tallahassee, Florida, 32301;

c.  The Honorable Chief Judge Timothy J. Corrigan, Bryan Simpson United States Courthouse, 300 North Hogan Street, Suite11-100, Jacksonville, Florida 32202; and

d.  The Honorable Judge Jerry A. Funk, Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202.

DONE and ORDERED on ___December 18, 2020___.

KAREN K. SPECIE
Chief U. S. Bankruptcy Judge

cc:  all parties in interest, including
Syteria Hephzibah
Highly Favored Shekinah El
422 East 27th Street
Jacksonville, FL 32206-2211
dba Moorish Science Temple of America
dba Court of Equity and Truth

Taquan Gullett
Maalik Rahshe El
dba Moorish Science Temple of America
dba Court of Equity and Truth
422 East 27th Street
Jacksonville, FL 32206-2211
And

Taquan Gullett
Maalik Rahshe El
P.O. Box 1032
FCI Coleman Medium
Coleman, Florida, 33521-1032
dba Moorish Science Temple of America
dba Court of Equity and Truth
(Address listed on Gullett's Chapter 7 Petition filed on February 24, 2020, with the Bankruptcy Court for the Middle District of Florida. *See Voluntary Petition for Individuals Filing for Bankruptcy* at 2, *In re Gullett-El*, No. 3:20-bk-00618-JAF (Bankr. M.D. Fla. Feb. 24. 2020), Doc. 1.).