United States Bankruptcy Court
Northern District of Florida

In re:                                                                              Case No. 20-40375-KKS

United States Corporation Company                                                   Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

| District/off: 1129-4 | User: akenningt | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jan 22, 2021 | Form ID: pdf002 | Total Noticed: 6 |

The following symbols are used throughout this certificate:

**Symbol          Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
          regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 24, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| ptcrd | | Highly Favored Shekinah El, 422 East 27th Street, Jacksonville, FL 32206-2211 |
| ptcrd | | Maalik Rahshe El, 422 East 27th Street, Jacksonville, FL 32206-2211 |
| | | Syteria Hephzibah, Highly Favored Shekinah El, 422 East 27th St., dba Moorish Science Temple of America, dba Court of Equity and Truth Jacksonville, FL 32206-2211 |
| aldb | | United States Corporation Company, 1201 Hays St, Tallahassee, FL 32301-2699 |
| intp | + | Zoser RaNeterkeht El d/b/a Minister of Defense Asi, 2082 Harrison Avenue, Cincinnati, OH 45214-1155 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern
Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| intp | + | Email/Text: DOREBN@DOR.STATE.MA.US | Jan 23 2021 03:19:00 | Massachusetts Department of Revenue, MASS. DEPT. OF REVENUE ATTN:BANKRUPTCY U, PO Box 9564, Boston, MA 02114-9564 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a
preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| intp | | Syteria Hephzibah, dba Court of Equity and Truth |
| intp | | Taquan Gullett, dba Court of Equity and Truth |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities
in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and
belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the
complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains
the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 24, 2021                          Signature:          /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 22, 2021 at the address(es) listed
below:**

District/off: 1129-4                          User: akenningt                          Page 2 of 2
Date Rcvd: Jan 22, 2021                      Form ID: pdf002                        Total Noticed: 6

| Name | Email Address |
|------|---------------|
| Patrick Michael Shelby | on behalf of Alleged Debtor United States Corporation Company rick.shelby@phelps.com  trisha.crombie@phelps.com |
| United States Trustee | USTPRegion21.TL.ECF@usdoj.gov |

TOTAL: 2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:

UNITED STATES                              CASE NO.:  20-40375-KKS
CORPORATION COMPANY,
                                           INVOLUNTARY
                                           CHAPTER:  11

      Alleged Debtor.

_____/

## ORDER ENJOINING PETITIONING PARTY, SYTERIA HEPHZIBAH, A/K/A HIGHLY FAVORED SHEKINAH EL, PURSUANT TO *ORDER FOR PETITIONING PARTY, SYTERIA HEPHZIBAH, TO SHOW CAUSE WHY SHE SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT* (DOC. 38)

THIS MATTER came before the Court for hearing on December 17, 2020, on the *Order for Petitioning Party, Syteria Hephzibah, to Show Cause Why She Should Not Be Declared a Vexatious Litigant* ("Order to Show Cause," Doc. 38). Petitioning Party, Syteria Hephzibah, a/k/a Highly Favored Shekinah-El ("Hephzibah a/k/a Shekinah-El"), appeared.[1]

Having considered the record and testimony at the hearing, the Court finds that Hephzibah a/k/a Shekinah-El failed to show any cause

_____

[1] Syteria Hephzibah designates herself as "Highly Favored Shekinah El, dba Moorish Science Temple of America, dba Court of Equity and Truth, Lawful Beneficiary Creditor, Heir of the Vast Estate . . . ." The hearing was conducted telephonically due to the continuing COVID-19 pandemic.

NJM

why this Court should not declare her a vexatious litigant.

## BACKGROUND

Hephzibah a/k/a Shekinah-El has commenced two (2) bankruptcy cases and three (3) adversary proceedings in this Court, including the instant case. She has also filed numerous cases in state and other federal courts.[2] She has sued or attempted to sue federal, state, and local agencies, their employees, attorneys, judges, and other private persons and entities.[3] This Court and others have determined that cases and claims filed by Hephzibah a/k/a Shekinah-El, other than the Chapter 7 bankruptcy petition filed in this Court in 2018,[4] were, among other things, frivolous, baseless, and vexatious.[5]

---

[2] A brief summary of Hephzibah's filing history in this Court and others can be found in the Order to Show Cause Doc. 38 and *Gullet-El v. Corrigan*, No. 3:17-cv-881-J-32JBT, 2017 WL 10861313 (M.D. Fla. Sept. 20, 2017).

[3] Docs. 1-7 & 1-8; Doc. 38, p. 5 n.14; *Gullet-El*, 2017 WL 10861313, at *1–4.

[4] *Chapter 7 Voluntary Petition, In re Hephzibah*, No. 18-40381-KKS (Bankr. N.D. Fla. July 18, 2018), Doc. 1.

[5] *Gullett-El*, 2017 WL 10861313, at *1–4 (dismissing complaint with prejudice as frivolous and vexatious and noting other courts that have determined cases filed by Hephzibah a/k/a Shekinah-El to be frivolous, baseless, and vexatious); Doc. 38, pp. 3–8 (citing this Court's previous warnings to Hephzibah a/k/a Shekinah-El from her Chapter 7 bankruptcy case and adversary proceedings); *Order Granting Alleged Debtor's Emergency Motion for Order Dismissing Involuntary Petition (Doc. 28)*, Doc. 45 (dismissing the Involuntary Petition with prejudice); *Order Enjoining Petitioning Parties Pursuant to Order to Show Cause (1) Why Chapter 11 Involuntary Petition Should Not Be Dismissed; (2) Why Petitioning Parties Should Not Have to Post a Bond; and (3) Whether Petitioning Parties Should be Sanctioned Pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105 (Doc. 34)*, Doc. 49 (finding that the Involuntary Petition was meritless and was filed for an improper purpose); *see also Gullett v. Duff*, No. 19-2015, 2019 WL 3349962, *1 (D.D.C. July 24, 2019) ("Plaintiff [Gullett] and his mother [Hephzibah a/k/a Shekinah-El] are 'no strangers' to the United States District Court

In an effort to curtail her pattern of abuse, in 2017 the District Court for the Middle District of Florida entered an injunction against Hephzibah a/k/a Shekinah-El, enjoining her from filing suit in that court and the Circuit Court for Duval County, Florida, without prior approval from the District Court.[6] After that injunction issued, Hephzibah a/k/a Shekinah-El came to this Court to continue her vexatious litigation.

The Order to Show Cause issued by this Court provides:

> Currently before the Court is Hephzibah's most recent filing—
> a Chapter 11 Involuntary Petition ("Involuntary Petition")
> against "United States Corporation Company" ("Alleged
> Debtor.") For the reasons that follow, and others that may be-
> come evident, the Court enters this Order to Show Cause to
> determine whether Hephzibah should be declared a vexatious
> litigant for (1) attempting to relitigate meritless and frivolous
> claims, (2) harassing Alleged Debtor, governmental agencies
> of the United States, and others, and (3) continuing to abuse
> the bankruptcy system.[7]

The Order to Show Cause also recited that two orders entered in the Chapter 7 case filed by Hephzibah a/k/a Shekinah-El warned:

> [I]f [Hephzibah] continues filing papers with this Court in fur-
> ther attempts to obtain release from incarceration, she risks
> being declared a "vexatious litigant" and being assessed

_____

for the Middle District of Florida, where 'each' has a history of filing 'patently frivolous and vexatious' complaints.") (citing *Gullett-El*, 2017 WL 10861313, at *1).

[6] *Gullett-El*, 2017 WL 10861313, at *5. This injunction was also against Petitioning Party, Taquan Rashe Gullett-El, a/k/a Maalik Rahshe El ("Gullet"). *Id.* at *1.

[7] Doc. 38, pp. 1–2 (footnote omitted).

3

sanctions under Fed. R. Bankr. P. 9011.[8]

> [Hephzibah] is again forewarned that if she continues filing papers in further attempt to obtain release from incarceration with this Court, she risks being declared a "vexatious litigant" and being assessed sanctions under Fed. R. Bankr. P. 9011.[9]

The Order to Show Cause reiterates that in the orders dismissing the three (3) adversary proceedings Hepzibah a/k/a Shekinah-El filed in 2018, this Court cautioned her that she could be deemed a vexatious litigant:

> [Hephzibah] is forewarned that if she continues filing adversary proceedings with this Court and then fails to properly prosecute them, she risks being declared a "vexatious litigant" and being assessed sanctions under Fed. R. Bankr. P. 9011.[10]

At the hearing on the Order to Show Cause, Hephzibah a/k/a Shekinah-El testified at length, describing in considerable detail her recollection of events, arrest(s), incarceration, and other incidents, some dating as far back as 2010. She described actions by various government authorities as "international war crimes" against her and her son, Gullett. Hephzibah a/k/a Shekinah-El further testified that she and her son

---

[8] *Id.* at p. 4 (quoting *Order Denying Debtor's Petition for Writ of Habeas Corpus and Other Relief (Doc. 45)* at 6, *In re Hephzibah*, No. 18-40381-KKS (Bankr. N.D. Fla. Feb. 12, 2019), Doc. 50).

[9] *Id.* at pp. 4–5 (quoting *Order Denying Motion for Contempt (Doc. 46)* at 2, *In re Hephzibah*, No. 18-40381-KKS (Bankr. N.D. Fla. Feb. 13, 2019), Doc. 51).

[10] *Id.* at pp. 5–6.

4

have unsuccessfully tried for years to obtain relief through the judicial system for these alleged crimes against them.

Apparently as a result of researching records of the Florida Department of State Division of Corporations, Hephzibah a/k/a Shekinah-El determined that Alleged Debtor, United States Corporation Company, a private entity based in Delaware, was the United States Government. According to her, filing the Involuntary Petition was another effort to "execute the process my son and I began to address international war crimes" and get relief from "heartache and pain" she and her son have allegedly been enduring at the hands of various federal and state officials for over six (6) years.

## DISCUSSION

The Involuntary Petition has nothing to do with bankruptcy. None of the testimony at the Show Cause hearing reflects a scintilla of legal or factual support for filing an involuntary Chapter 11 petition against a private corporation unconnected with Hephzibah a/k/a Shekinah-El or the United States Government.

A bankruptcy court may use its inherent authority to sanction

parties for conduct that abuses the judicial process.[11] "This power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."[12] "To impose sanctions under the court's inherent power, the court must find bad faith."[13] Within the Eleventh Circuit, a finding of bad faith may be warranted when a party: (1) "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent;"[14] (2) pursues a claim without "reasonable inquiry into the underlying facts;"[15] or (3) "continually advance[es] groundless and patently frivolous" claims.[16]

In addition to its inherent authority, a bankruptcy court "may [also] invoke its statutory power of [§] 105(a) to redress Rule 9011 violations, bad faith, and unreasonable, vexatious litigation."[17] Under 11

---

[11] *Law v. Siegel*, 571 U.S. 415, 421 (2014) (citation omitted); *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1574–75 (11th Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *In re Dekom*, No. 19-300082-KKS, 2020 WL 4004116, at *4 (Bankr. N.D. Fla. Apr. 6, 2020); *In re Pina*, 602 B.R. 72, 98 (Bankr. S.D. Fla. 2019); *In re Walker*, 414 B.R. 787, 791 (Bankr. M.D. Fla. 2009).

[12] *Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.)*, 570 F.3d 1257, 1263 (11th Cir. 2009) (quoting *Bank of N.Y. v. Sunshine-Jr. Stores, Inc. (In re Sunshine Jr. Stores, Inc.)*, 456 F.3d 1291,1304 (11th Cir. 2006)).

[13] *Id.* at 1273 (citing *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008)).

[14] *Id.* (quoting *Walker*, 532 F.3d at 1309).

[15] *Id.* at 1274 (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)).

[16] *Id.* (quoting *Glass v. Pfeffer*, 849 F.2d 1261, 1265 (10th Cir. 1988))

[17] *In re Zalloum*, No. 6:17-bk-02329-KSJ, 2019 WL 965098, at *9 (Bankr. M.D. Fla. Feb. 25, 2019) (citation omitted); *see also Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1543 (11th Cir. 1996) (distinguishing between a court's statutory power under § 105(a) and inherent power).

U.S.C. § 105, a court may issue any order or take any action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of the process."[18]

### The Involuntary Petition was filed in bad faith.

The documented entitled "*Universal and International Humanitarian Declaration for Common Law Prejudgment Writ of Personal Replevin*" attached to the Involuntary Petition is the very document that formed the foundation of the suit dismissed with prejudice by the District Court for the Middle District of Florida in 2017 as vexatious and patently frivolous.[19] Hephzibah a/k/a Shekinah-El knowingly filed the Involuntary Petition based on that document for the improper purpose of harassing the same federal and state officials whom she and Gullett have previously named as defendants.

Allowing such patently frivolous claims to continue would harm the integrity of the judicial system.

---

[18] 11 U.S.C. § 105(a) (2020); *cf. Marrama v. Citizens of Bank of Mass.*, 549 U.S. 365, 375–76 (2007) (stating that even if § 105(a) had not been enacted, the bankruptcy court's inherent authority permits sanctions for "abusive litigation practice").

[19] Doc. 1-7; Doc. 38, pp. 2–3; *Gullett-El*, 2017 WL 10861313, at *1, *4.

### The Court may properly enjoin Hephzibah a/k/a Shekinah-El as a vexatious litigant.

Hephzibah a/k/a Shekinah-El has a history of filing duplicative, vexatious, and frivolous lawsuits, including the Involuntary Petition commencing this case. The Court has the responsibility and authority to prevent vexatious litigants, such as Hephzibah a/k/a Shekinah-El, "from unnecessarily encroaching on the judicial machinery as needed by others."[20] Because Hephzibah a/k/a Shekinah-El has demonstrated an intent to continue her abusive litigation history, sanctions, including limiting future access to the judicial system, are warranted.[21]

The Eleventh Circuit has long recognized a court's inherent ability to issue injunctions against abusive and vexatious litigants.[22] "Such injunctions may be appropriate to protect both the court and its staff, as well as the right of all litigants in the federal system."[23] Courts may enjoin not only the abusive litigant, but *any* party working in concert or at

---

[20] *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) (per curiam); *accord Law*, 571 U.S. at 420–21 (stating that a bankruptcy court has the inherent and statutory power of § 105(a) to sanction abusive litigation tactics).

[21] *See Silva v. Swift*, No. 4:19-cv-286-RH/MJF, 2020 WL 5523400, at *7–8 (N.D. Fla. June 1, 2020), adopted by No. 4:19-cv-286-RH/MJF, 2020 WL 3287884 (N.D. Fla. June 18, 2020); *see also Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 25 ("Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.").

[22] *See Procup*, 792 F.2d at 1071–74.

[23] *Barash v. Kates*, 586 F. Supp. 2d 1323, 1325 (S.D. Fla. 2008) (citing *Procup*, 792 F.2d at 1071–72).

the behest of the litigant.[24] "The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from *any* access to the court.'"[25] The Eleventh Circuit has upheld injunctions, commonly referred to as "*Martin-Trigona* Injunctions," that impose prefiling screening procedures on vexatious litigants. [26] Having determined that Hephzibah a/k/a Shekinah-El filed the Involuntary Petition in bad faith and is a vexatious litigant, the Court may properly issue a *Martin-Trigona* Injunction to prevent further abuse of the judicial system.[27]

---

[24] *Id.* at 1326 (citing *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387–89 (11th Cir. 1993) (per curiam)).

[25] *Martin-Trigona*, 986 F.2d at 1387 (quoting *Procup*, 792 F.2d at 1074 (emphasis in original)).

[26] *Law Watkins v. Dubreuil*, 820 Fed App'x 940 (11th Cir. 2020) (upholding injunction prohibiting litigant from filing new lawsuit without prior court approval); *Martin-Trigona*, 986 F.2d at 1387 (upholding an injunction that prohibited litigant "from filing or attempting to initiate any new lawsuit in any federal court in the United States . . . without first obtaining leave of that federal court."); *Copeland v. Green*, 949 F.2d 390 (11th Cir. 1991) (upholding the prefiling requirement that the clerk must submit the litigant's papers to the judge for approval); *Cofield v. Ala. Public Serv. Com'n*, 936 F.2d 512, 518 (11th Cir. 1991) (upholding injunction requiring the plaintiff "to send all pleadings to a judge for prefiling approval").

[27] *See Carroll v. Abide (In re Carroll)*, 850 F.3d 811 (5th Cir. 2017) (affirming a bankruptcy court's decision to  issue a pre-filing injunction pursuant to its inherent authority and statutory powers under 28 U.S.C. § 1651(a) and 11 U.S.C. § 105(a)); *In re Diaz*, No. 8:14-bk-01237-CPM, 2014 WL 12936894, at *2–3 (Bankr. M.D. Fla. July 25, 2015) (issuing a *Martin-Trigona* Injunction pursuant to § 105(a) and other applicable statutes); *In re Smith*, No. 07-20244, 2012 WL 4758038 (Bankr. S.D. Ga. Sept. 17, 2012) (imposing pre-filing screening on the debtor continually filing groundless and frivolous litigation pursuant to 11 U.S.C. § 105(a) and the courts inherent powers); *In re Kozich*, 406 B.R. 949, 956 (Bankr. S.D. Fla. 2009) ("[I]n light of the broad authority I have under § 105 'to prevent an abuse of process,' as well as under my inherent power to control litigation conducted in bad faith, I find that the appropriate remedy is to prohibit [the debtor] from filing any adversary proceeding or contested matter in the United States Bankruptcy Court for the Southern District of Florida on a *pro se* basis without prior court approval"); *In re Mayhew*, No. 90-60141, 1994 WL 16006013, at

9

### Hephzibah a/k/a Shekinah-El was afforded due process that her conduct may warrant sanctions.

A court must afford the party to be sanctioned due process in determining whether to issue sanctions.[28] Due process requires the party to have fair notice that her conduct may warrant sanctions, the reasons why, and an opportunity to respond.[29]

The Order to Show Cause provided Hephzibah a/k/a Shekinah-El with notice that the Court was considering invoking its authority to issue sanctions: "A Bankruptcy Court may [also] invoke its statutory power of [§] 105(a) to redress Rule 9011 violations, bad faith, and unreasonable, vexatious litigation."[30] The Court also put Hephzibah a/k/a Shekinah-El on notice of the sanctions it was contemplating and the specific conduct it considered sanctionable and vexatious:

> [T]he Court enters this Order to Show Cause to determine whether Hephzibah should be declared a vexatious litigant for (1) attempting to relitigate meritless and frivolous claims, (2) harassing Alleged Debtor, governmental agencies of the United States, and others, and (3) continuing to abuse the bankruptcy system.

---

*4 (Bankr. S.D. Ga. July 25, 1994) (imposing a pre-filing screening restriction on the debtor pursuant the 28 U.S.C. § 1651(a) and 11 U.S.C. § 105(a)).

[28] *In re Mroz*, 65 F.3d at 1575 (citing *Chambers*, 501 U.S. at 49); *see also In re Evergreen*, 570 F.3d at 1273 ("Sanctions were also imposed under the bankruptcy court's inherent power which is similarly not affected by the safe harbor provision in Rule 9011.").

[29] *In re Mroz*, 65 F.3d at 1575 (citations omitted).

[30] Doc. 38, p. 10 (citations omitted).

The sanction this Court is considering, in addition to others that may result by virtue of prior orders entered in this case, includes permanently enjoining Hephzibah from initiating any matter or filing any papers in this Court (a) without prior approval from this Court or (b) unless she is represented by counsel admitted to practice in this Court. . . .

By filing the Involuntary Petition and other papers in this case with no apparent legal or factual basis, Hephzibah appears to have violated Rule 9011(b); she has clearly disregarded this Court's prior warnings against such conduct. If Hephzibah has any legal basis, facts, or evidence to show that this Involuntary Petition is not a repeat of her frivolous and vexatious filing history, she will have an opportunity to make her case at the hearing on this Order to Show Cause.[31]

## CONCLUSION

As this Court again explained at the Order to Show Cause hearing, bankruptcy courts are not an appropriate forum for criminal matters, issues pertaining to alleged "international war crimes," or the other grievances for which Hephzibah a/k/a Shekinah-El seeks redress. The Involuntary Petition has nothing to do with bankruptcy whatsoever. The Involuntary Petition that commenced this case was filed in bad faith and for the sole purpose to harass; it was filed knowingly based on the same

---

[31] *Id.* at pp. 1–2, 13 (footnote omitted). Although the Order to Show Cause stated that sanctions may be issued pursuant to Rule 9011, the Court may still properly invoke its inherent authority because Hephzibah a/k/a Shekinah-El had notice of the specific conduct the Court considered sanctionable and vexatious. *See Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.,* 57 F.3d 1215 (10th Cir. 1995).

"complaint" that had been dismissed with prejudice by another court. The record amply demonstrates that nothing short of an injunction will deter Hephzibah a/k/a Shekinah-El and those working with or through her from continuing to pursue additional frivolous and vexatious filings.[32] For that reason, it is appropriate to designate Hephzibah a/k/a Shekinah-El a vexatious litigant and impose sanctions.[33]

For the reasons stated, it is

ORDERED:

1. Pursuant to the Court's inherent authority and 11 U.S.C. § 105(a), Petitioning Party, Syteria Hephzibah, a/k/a Highly Favored Shekinah-El, and any anyone acting in concert with or at her behest, is permanently ENJOINED from initiating any matter or filing any papers in this Court without prior approval from this Court.

2. The following prescreening procedures shall apply:

   a. The Clerk's Office will not file any paper(s) or other document(s) tendered by Syteria Hephzibah, a/k/a Highly Favored Shekinah-El, and/or any anyone acting in concert or at her behest. Rather,

---

[32] *See Silva*, 2020 WL 5523400, at *12.

[33] *See Gullet-El v. Corrigan*, No. 3:17-cv-881-J-32JBT, 2017 WL 10861313 (M.D. Fla. Sept. 20, 2017).

any such papers will be date-stamped and delivered to Chambers to be reviewed and screened by the Bankruptcy Judge for the Northern District of Florida to determine whether the papers have arguable merit. No meritless, abusive, frivolous, scandalous, or otherwise impertinent filing shall be permitted. If the paper is arguably meritorious, the Court shall issue an order so stating and shall direct the Clerk of Court to file it accordingly.

b. In the event the Bankruptcy Judge's preliminary review determines that the proposed filing is frivolous, the papers tendered will not be filed with the Court. Instead, after making appropriate copies the Clerk will return the papers tendered to Hephzibah a/k/a Shekinah-El, or the original sender. Upon such a determination, Hephzibah a/k/a Shekinah-El will be subject to additional sanctions, including monetary assessment.

3. In addition to docketing this Order in the instant case, the Clerk shall open a miscellaneous case and shall file this Order in that case. Any order determining that a paper tendered by Hephzibah a/k/a Shekinah-El, and/or any anyone acting in concert or at her behest, has no arguable merit shall be filed in the miscellaneous

13

case, along with a copy of the paper in question; the Clerk shall then provide copies of both to the Office of the United States Trustee.

4. In the event that Hephzibah a/k/a Shekinah-El should appeal this Order, and in the further event that the District Court should hold that this Court does not have authority to issue this type of sanction, then this Order shall be construed as a Report and Recommendation (R&R) to the District Court.

5. In the event of any conflict between this Order and the Order entered in this case at Doc. 49., the terms of the instant Order shall control.

6. The Clerk's Office is directed to immediately re-close this case.

DONE and ORDERED on <u>January 22, 2021</u>.

KAREN K. SPECIE
Chief U. S. Bankruptcy Judge

cc:  all parties in interest, including
Syteria Hephzibah
Highly Favored Shekinah-El
422 East 27th Street
Jacksonville, FL 32206-2211
dba Moorish Science Temple of America
dba Court of Equity and Truth

14